UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES BRUSKI AND DAWN BRUSKI, <br><br> PLAINTIFFS, <br><br> V. <br><br> NFI INTERACTIVE LOGISTICS LLC, D'ANDRE TERRY, AND COREY HUNTER, <br><br> DEFENDANTS. | Case No. 2:21-cv-00188 |

## COMPLAINT

Plaintiffs James Bruski and Dawn Bruski, by counsel, hereby assert claims for relief against Defendants NFI Interactive Logistics LLC, D'Andre Terry, and Corey Hunter. In support hereof, the Plaintiffs state and allege:

1. At all times relevant herein, James Bruski and Dawn Bruski were married, living together, and domiciled in Kenosha County, Wisconsin.

2. At all times relevant herein, NFI Interactive Logistics LLC is a limited liability company formed under the laws of the State of New Jersey with its principal place of business located in the State of New Jersey.

3. At all times relevant herein, D'Andre Terry was a citizen of the State of Illinois.

4. At all times relevant herein, Corey Hunter was a citizen of the State of Michigan.

5. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This court is a place of proper venue, pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to the claim occurred in the Northern District of Indiana, particularly Porter County, Indiana.

7. At all times relevant herein, D'Andre Terry was an employee of NFI Interactive Logistics LLC and working within the scope of said employment.

8. At all times relevant herein, NFI Interactive Logistics LLC was a motor carrier subject to the Federal Motor Carrier Safety Regulations with more than three thousand (3,000) power units and drivers

9. On December 16, 2019, at approximately 2:50 a.m., Corey Hunter was driving a Mercury eastbound on Interstate 94 in Porter County, Indiana.

10. At said date and time, Corey Hunter lost control of the Mercury, struck a concrete barrier wall, and became disabled on a dark, unlit portion of Interstate 94.

11. At said date and time, D'Andre Terry was driving a 2010 semi-tractor and trailer under the operating authority of NFI Interactive Logistics LLC eastbound on Interstate 94.

12. At said date and time, the 2010 semi-tractor and trailer being driven by D'Andre Terry was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations and was transporting property in interstate commerce.

13. At said date and time, as the driver of the 2010 semi-tractor and trailer, D'Andre Terry was subject to the Federal Motor Carrier Safety Regulations.

14. At said date and time, the 2010 semi-tractor and trailer being driven by D'Andre Terry struck the Mercury and came to a controlled stop on the right shoulder of Interstate 94.

15. On December 16, 2019, from approximately 2:50 a.m. through approximately 3:00 a.m., D'Andre Terry did not activate the hazard warning signal flashers on, nor place any hazard warning triangles, fusees, or flares behind, the 2010 semi-tractor and trailer to alert approaching motorists of the hazards in the travel lane and shoulder of Interstate 94.

16. On December 16, 2019, at approximately 3:00 a.m., James Bruski was driving a 2015 semi-tractor and trailer eastbound on Interstate 94.

17. On December 16, 2019, at approximately 3:00 a.m., the 2015 semi-tractor and trailer being driven by James Bruski struck the Mercury, struck a concrete barrier wall, and then rolled over the concrete barrier wall.

### Count I

James Bruski and Dawn Bruski, by counsel, hereby assert their claims for relief against D'Andre Terry and NFI Interactive Logistics LLC.

18. James Bruski and Dawn Bruski incorporate by reference herein paragraphs numbered 7 through 17 of the Complaint.

19. On December 16, 2019, as a driver of a commercial motor vehicle, D'Andre Terry was required to recognize hazards and know to activate the hazard warning

signal flashers on, and place hazard warning triangles, fusees, or flares behind, the 2010 semi-tractor and trailer to alert approaching motorists of the hazards.

20. On December 16, 2019, from approximately 2:50 a.m. through approximately 3:00 a.m., D'Andre Terry had the opportunity to communicate with NFI Interactive Logistics LLC about his situation.

21. On December 16, 2019, from approximately 2:50 a.m. through approximately 3:00 a.m., D'Andre Terry was grossly negligent including failing to activate the hazard warning signal flashers on, nor place any hazard warning triangles, fusees, or flares behind, the 2010 semi-tractor and trailer to alert approaching motorists of the hazards in the travel lane and shoulder of Interstate 94 and failing to comply with the Federal Motor Carrier Safety Regulations.

22. On December 16,2019, at approximately 3:00 a.m., the wrongful conduct of D'Andre Terry was a responsible cause of James Bruski's collision.

23. The wrongful conduct of Corey Hunter was the unexcused violation of one or more laws designed to protect the class of persons, including James Bruski, against the type of harm which occurred because of the violation.

24. The wrongful conduct of D'Andre Terry was a responsible cause of James Bruski experiencing harms, including injuries, pain, suffering, and damages.

25. The wrongful conduct of D'Andre Terry was a responsible cause of Dawn Bruski experiencing harms, including loss of consortium, services, and damages.

**WHEREFORE**, Plaintiffs James Bruski and Dawn Bruski pray that the Court enters a judgment against Defendants D'Andre Terry and NFI Interactive Logistics

LLC for compensatory damages in an amount sufficient to remedy the harms to Plaintiffs James Bruski and Dawn Bruski, for punitive damages, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

### Count II

James Bruski and Dawn Bruski, by counsel, hereby assert their claims for relief against NFI Interactive Logistics LLC.

26. James Bruski and Dawn Bruski incorporate by reference herein paragraphs numbered 8 through 17 and 19 and 20 of the Complaint.

27. On December 16, 2019, from approximately 2:50 a.m. through approximately 3:00 a.m., based upon information and belief, one or more telematic systems on the commercial motor vehicle being driven by D'Andre Terry alerted NFI Interactive Logistics LLC that the commercial motor vehicle had come to a sudden stop along Interstate 94.

28. There is a scheme of federal regulations, state statutes, and industry practices that govern the qualification, training, supervision, and retention of professional drivers of commercial motor vehicles and the safe operation of commercial motor vehicles on the roadways of our country.

29. In its application to obtain operating authority as a motor carrier, NFI Interactive Logistics LLC affirmatively and deliberately undertook to render services as a motor carrier in a manner intended to provide for the safety of the

traveling public, protect against dangerous conduct, and reduce the risks of harm to the traveling public when it certified and represented that it would:

a. have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;
b. have in place a driver safety training/orientation program;
c. be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391); and
d. have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance (49 CFR 392, 395, and 396).

30. Prior to and on December 16, 2019, NFI Interactive Logistics LLC was grossly negligent in one or more of, but not limited to, the following ways:

a. failing to verify and ensure that Donald Nicholl operated the commercial motor vehicle in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles in violation of 49 C.F.R. § 392.1;
b. failing to properly train and instruct Donald Nicholl and its drivers on immediately activating the hazard warning signal flashers on a commercial motor vehicle when it stops on a shoulder of a highway pursuant to 49 C.F.R. § 392.22(a);
c. failing to properly train and instruct Donald Nicholl and its drivers on placing hazard warning triangles, fusees, or flares behind a commercial motor vehicle as soon as possible when it stops on a shoulder of a highway pursuant to 49 C.F.R. § 392.22(b);
d. failing to properly supervise Donald Nicholl upon learning the commercial motor vehicle suddenly stopped along the highway; and
e. failing to perform or improperly performing the review, audit and corrective actions to verify Donald Nicholl's knowledge of and compliance with the laws and industry standards concerning the safe operation of commercial motor vehicles in violation of 49 C.F.R. § 392.1(a).

31. On December 16, 2019, from approximately 2:50 a.m. through approximately 3:00 a.m., the wrongful conduct of NFI Interactive Logistics LLC was a responsible cause of James Bruski's collision.

32. The wrongful conduct of NFI Interactive Logistics LLC was the unexcused violation of one or more laws designed to protect the class of persons, including James Bruski, against the type of harm which occurred because of the violation.

33. The wrongful conduct of NFI Interactive Logistics LLC was a responsible cause of James Bruski experiencing harms, including injuries, pain, suffering, and damages.

34. The wrongful conduct of NFI Interactive Logistics LLC was a responsible cause of Dawn Bruski experiencing harms, including loss of consortium, services, and damages.

**WHEREFORE**, Plaintiffs James Bruski and Dawn Bruski pray that the Court enters a judgment against Defendants D'Andre Terry and NFI Interactive Logistics LLC for compensatory damages in an amount sufficient to remedy the harms to Plaintiffs James Bruski and Dawn Bruski, for punitive damages, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

## Count III

James Bruski and Dawn Bruski, by counsel, hereby assert their claims for relief against Corey Hunter.

35. James Bruski and Dawn Bruski incorporate by reference herein paragraphs numbered 8 through 17 of the Complaint.

36. On December 16, 2019, at approximately 2:50 a.m., Corey Hunter was negligent in driving the Mercury including failing to use reasonable care, failing to

maintain proper control, failing to keep a proper lookout, and driving at an unreasonable speed under the circumstances.

37. On December 16, 2019, the negligent conduct of Corey Hunter was a responsible cause of James Bruski's collision.

38. The negligent conduct of Corey Hunter was the unexcused violation of one or more laws designed to protect the class of persons, including James Bruski and Dawn Bruski against the type of harm which occurred because of the violation.

39. The negligent conduct of Corey Hunter was a responsible cause of James Bruski experiencing harms, including injuries, pain, suffering, and damages.

40. The negligent conduct of Corey Hunter was a responsible cause of Dawn Bruski experiencing harms, including loss of consortium, services, and damages.

**WHEREFORE**, Plaintiffs James Bruski and Dawn Bruski pray that the Court enters a judgment against Defendant Corey Hunter for compensatory damages in an amount sufficient to remedy the harms to Plaintiffs James Bruski and Dawn Bruski, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC

/s/ *David W. Craig*
David W. Craig, #4356-98

/s/ *Scott A. Faultless*
Scott A. Faultless, #15736-49

<u>Attorneys for Plaintiffs</u>:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)