## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

JAMES BRUSKI and DAWN BRUSKI,

        Plaintiffs,

        v.

NFI INTERACTIVE LOGISTICS LLC,
D'ANDRE TERRY, COREY HUNTER,
INTEGRITY INSURANCE COMPANY, and
AMERICAN FAMILY MUTUAL
INSURANCE COMPANY S.I.,

        Defendants.

CAUSE NO.: 2:21-CV-188-TLS-JEM

## OPINION AND ORDER

This matter is before the Court on its own motion on the issue of its subject matter jurisdiction. Federal courts are responsible for ensuring the parties have properly invoked federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 668 (7th Cir. 2015). As the parties seeking this Court's jurisdiction, the Plaintiffs bear the burden of proving subject matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016).

Two jurisdictional deficiencies need clarification. First, in their Amended Complaint, which added two new Defendants, the Plaintiffs allege the Court can properly exercise diversity jurisdiction over this case "pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs."

Am. Compl. ¶ 7, ECF No. 33.[1] The Plaintiffs allege Wisconsin is the state in which they are domiciled, as well as the state in which Defendant American Family Mutual Insurance Company S.I. (American Family) is incorporated and has its principal place of business. *Id.* ¶¶ 1, 6. In American Family's Answer to the Plaintiffs' Amended Complaint, American Family admits it "is an insurance company formed as a corporation under the laws of the State of Wisconsin with its principal place of business located in the State of Wisconsin." Answer 2, ECF No. 49.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, meaning all Plaintiffs are citizens of states different than the states of the Defendants' citizenships. *See* 28 U.S.C. § 1332(a)(1). A natural person is a citizen of the state in which the person is domiciled. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92–93 (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities).

The Plaintiffs sufficiently pled that the amount in controversy in this case exceeds $75,000. The Plaintiffs have not, however, demonstrated the existence of complete diversity because they and Defendant American Family are both alleged to be citizens of the State of Wisconsin.

The second jurisdictional deficiency concerns NFI Interactive Logistics LLC (NFI). The Amended Complaint states that NFI "is a limited liability company formed under the laws of the

---

[1] The Court observes that, although the caption of the Amended Complaint did not list all the parties in the caption, as required by Federal Rule of Civil Procedure 10(a), the two newly added Defendants are named in the body of the document. Am. Compl. ¶¶ 5, 6, ECF No. 33.

State of New Jersey with its principal place of business located in the State of New Jersey." Am. Compl. ¶ 2. This information is insufficient because a limited liability company assumes the citizenship of each of its members, and the Plaintiffs have not provided the citizenship of any of NFI's members. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.*, 759 F.3d 787, 787 (7th Cir. 2014); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Accordingly, the Court ORDERS the Plaintiffs to show cause, on or before November 22, 2022, why this case should not be dismissed for lack of subject matter jurisdiction due to the Plaintiffs sharing the same citizenship as one of the Defendants. Failure to do so may result in dismissal of this matter. If the Plaintiffs can demonstrate a proper basis enabling the Court to exercise subject matter jurisdiction over this matter, the Court further ORDERS the Plaintiffs to FILE on or before November 22, 2022, a supplemental jurisdictional statement properly identifying Defendant NFI's citizenship at the time of filing the Amended Complaint [ECF No. 33].

**The Court last DIRECTS the Clerk of Court to amend the CM/ECF docket for cause to reflect that the pleaded basis for this Court's jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332.**

SO ORDERED on October 25, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT